O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| MARCO ANTONIO GARCIA, | ) | Case No. ED CV 13-2106-DFM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Marco Antonio Garcia ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for Social Security disability benefits. The Court concludes that the ALJ did not provide specific and legitimate reasons adequately supported by substantial evidence for rejecting the opinion of Plaintiff's treating physician. The ALJ's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

///
///
///

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his application for Social Security Disability Insurance benefits on May 14, 2010, alleging disability beginning February 4, 2010, the day Plaintiff suffered numerous injuries following a work-related fall. Administrative Record ("AR") 23. After an administrative hearing on April 4, 2012, the ALJ found that Plaintiff was not disabled because there were jobs available in significant numbers in the national economy that Plaintiff could still perform despite his impairments. AR 30.

# II.

## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) failing to give controlling weight to the opinion of Plaintiff's treating physician; and (2) assessing Plaintiff's credibility.[1] See Joint Stipulation ("JS") at 3-25.

# III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion.

---

[1] Because the Court concludes that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician, the Court does not reach the second issue and will not decide whether this issue would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claim of error.

Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.

## DISCUSSION

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of his treating physician, Dr. Paul Wakim.[2] JS at 4-18.

On February 4, 2010, while painting a ceiling as part of his work, Plaintiff fell 16 feet to the ground, suffering fractures of both wrists and his left pelvis, as well as the dislocation of his hip. AR 980. In the week that followed, doctors operated on Plaintiff's pelvis and left wrist. AR 27. In the ensuing months, Plaintiff experienced normal post-surgical healing and began physical therapy. Id. On July 30, Plaintiff began seeing Dr. Asghar Husain about knee pain that began when he started walking again after his surgeries. AR 545. Dr. Husain diagnosed Plaintiff with a lateral meniscus tear and articular damage stemming from his February injury. AR 547, 549. In September, Plaintiff

---

[2] Although Plaintiff characterizes this claim as an alleged failure by the ALJ to consider the relevant medical evidence of record in assessing Plaintiff's residual functional capacity ("RFC"), it is evident from Plaintiff's portion of the Joint Stipulation that the argument is principally concerned with the ALJ's failure to give controlling weight to Dr. Wakim's opinion. See JS at 12-14.

received arthroscopic surgery on his left knee. See AR 553. Plaintiff responded well to the surgery, and by December, Dr. Husain recommended a return to full work duties with no restrictions. AR 557.

In June 2011, Plaintiff began seeing Dr. Wakim, an orthopedic surgeon. On June 30, 2011, Dr. Wakim provided a report reviewing Plaintiff's injury, presenting subjective complaints and objective findings, and limiting Plaintiff to sedentary work activities. AR 980-85. Dr. Wakim noted, in particular, that x-rays of Plaintiff's knee showed a "small spur on the medial femoral condyle" and "noted osteoporosis of disuse." AR 982. X-rays of Plaintiff's left wrist showed the plate with screws inserted after Plaintiff's accident; Dr. Wakim noted that "[t]here is a question of joint penetration of one of the screws." Id. Dr. Wakim also reported "noted localized tenderness" on the outside of Plaintiff's left elbow with "pain radiating to the wrist." AR 983. Dr. Wakim's examination showed a reduced range of motion for six different directions for Plaintiff's left forearm and wrist. Id. Plaintiff's treatment relationship with Dr. Wakim appears to have continued through the date of the administrative hearing. See AR 986-94.

The ALJ gave Dr. Wakim's opinion limiting Plaintiff to sedentary work "less weight," and provided several reasons for doing so:

> The limitations to sedentary work in the periodic reports are without substantial support from any objective clinical or diagnostic findings, which obviously renders this opinion less persuasive. In December 2010, the claimant was allowed to return to full work duty (Ex. 7F, p. 30). There were no significant changes in the diagnostic findings from June 2011 compared with earlier diagnostic findings from 2010 (cf. Exs. 6F, 7F, and 9F). There was no explanation why the claimant was further limited to sedentary work in 2011 as compared to 2010. The physician did

4

not document positive objective clinical or diagnostic findings to support the functional assessment. The claimant's treating physician in the context of a workers' compensation claim often serves as an advocate for the claimant and describes excessive limitations to enhance the claimant's financial recovery. In addition, the definition of disability in a workers' compensation case is not the same as a Social Security disability case. Workers' compensation cases look only at the claimant's ability to return to the job being performed at the time of the injury.

AR 28.

An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(d)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631-33; 20 C.F.R. § 404.1527(d)(2)(i)-(ii).

Although the ALJ provided several reasons for rejecting Dr. Wakim's opinion, those reasons did not constitute specific and legitimate reasons for rejecting a treating physician opinion. First, while it is true that an ALJ need

5

not accept a treating physician opinion that is unsupported by objective findings, the ALJ's conclusion that Dr. Wakim "did not document positive objective clinical or diagnostic findings to support the functional assessment" and that the finding was "without substantial support from any objective clinical or diagnostic findings" is unsupported by the record. To the contrary, Dr. Wakim's opinion contains (1) a review of x-rays of the left knee showing a bone spur on the medial femoral condyle; (2) a review of x-rays of the left wrist raising the possibility that one of the screws from his post-accident surgery had penetrated the wrist joint; and (3) findings that Plaintiff had reduced ranges of motion in six different directions in his left arm and wrist. AR 982, 983. Moreover, although the ALJ notes that "there are no significant changes" in the diagnostic findings from 2010 to 2011, the cited diagnostic findings from 2010 are limited to Dr. Husain's findings regarding Plaintiff's left knee. Dr. Wakim's opinion that Plaintiff is limited to sedentary work is based on not only Plaintiff's left knee impairment, but also his left wrist and hip impairments. AR 984 (listing as diagnoses "fractured acetabulum [pelvis]," "fractured left hip," and "fractured left wrist").

Second, although the ALJ cites the progress noted by Dr. Husain by the end of 2010, it is clear from a review of the record that Dr. Husain's treatment of Plaintiff was focused on his knee impairments, which appeared to be a top priority in his recovery in the months after he began physical therapy. See AR 540-69. Dr. Husain's notes about the improvement in the condition of Plaintiff's knee do not provide a basis for rejecting the limitations contained in Dr. Wakim's report, which considered not only Plaintiff's knee impairment but also his left wrist and left hip injuries. Moreover, the progress reported by Dr. Husain is rendered suspect by the notation in three separate progress reports indicating that Plaintiff had returned to work, despite the fact that Plaintiff apparently never returned to work. See AR 47-48, 150, 559-564.

6

Even if there was a conflict in the opinions of Drs. Husain and Wakim, the ALJ appears to resolve that conflict on the basis of the fact that Dr. Husain's opinion was first in time. However, later medical opinions are based on a more complete medical record and are closer in time to the hearing date, and are therefore often more reliable. See Champion v. Barnhart, 36 F. App'x 921, 922 (9th Cir. 2002) ("The ALJ's selective reliance on the treating physician's earlier opinion is not supported by the record."); Lester, 81 F.3d at 833 (9th Cir. 1996) ("Because [the physician's] later opinion was based on a more complete evaluation of the combined impact of all of [the claimant's] impairments, that opinion should be accorded greater weight.").

Finally, the fact that Plaintiff sought treatment from Dr. Wakim in the context of a workers' compensation claim does not disqualify Dr. Wakim from consideration as a treating physician. While the ALJ is correct that the workers' compensation regime makes use of different standards of disability from those used by the Social Security system, see Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104-1105 (C.D. Cal. 2002), Plaintiff has not suggested that Dr. Wakim's finding that Plaintiff is "temporarily totally disabled" for workers' compensation purposes requires a finding that he is entitled to Social Security benefits. Rather, the opinion at issue is Dr. Wakim's finding that Plaintiff was limited to sedentary work. See JS at 13.

With respect to that opinion, none of the reasons cited by the ALJ are sufficient to serve as specific and legitimate reasons for rejecting Dr. Wakim's opinion as Plaintiff's treating physician. Because the ALJ's RFC permitted light work, the Court is unable to conclude that the ALJ's error in discrediting Dr. Wakim's opinion is harmless.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative

proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). Here, remand is appropriate for the ALJ to fully and properly consider the opinions of Plaintiff's treating physician and to determine whether that opinion supports a finding of disability.

## V.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: October 1, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge